IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARC DAVIS,<br><br>             Plaintiff,<br><br>   v.<br><br>MICHAEL A. BATEMAN, Deputy Warden of Classification; MARK BARTHOLOMEW, Grievance Supervisor; CORRECTION OFFICER BRAD NICHOLAS; CORRECTION OFFICER MICHAEL DIACOGIANNIS; CORRECTION OFFICER EDWARD RODRIGUEZ; CORRECTION OFFICER MICHAEL MAZUR; and JANE DOE CORRECTION OFFICER,<br><br>             Defendants. | CIVIL ACTION<br>NO. 14-6242 |

**MEMORANDUM OPINION**

**Schmehl, J.**   /s/ JLS                                                                                               July 7, 2016

      Pro se plaintiff brought this civil rights action under 42 U.S.C. § 1983, claiming that during his incarceration at Northampton County Jail (NCJ) in 2012-2013, certain supervisors and corrections officers of the NCJ denied him access to religious services, and the NCJ law library. Plaintiff was granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

      On August 24, 2015, plaintiff was granted leave to file an amended complaint. The amended complaint, filed on August 24, 2015, alleged that plaintiff was denied access to religious services on four occasions in violation of the First Amendment and was denied access to the NCJ law library on two occasions in violation of the Fourteenth Amendment. Plaintiff also added a new claim against an unidentified female corrections officer at NCJ, Jane Doe, claiming that she illegally detained plaintiff for an additional 16 hours past his scheduled release date in

violation of the Fifth and Eighth Amendments. Defendants took the plaintiff's deposition. Plaintiff did not request any discovery from defendants, including the name of Jane Doe. Plaintiff also failed to appear at an in-person status conference with the Court on December 4, 2015. Presently before the Court are the parties' cross-motions for summary judgment. For the reasons that follow, the defendants' motion is granted and the plaintiff's motion is denied.

Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "A motion for summary judgment will not be defeated by 'the mere existence' of some disputed facts, but will be denied when there is a genuine issue of material fact." Am. Eagle Outfitters v. Lyle & Scott Ltd., 584 F.3d 575, 581 (3d Cir. 2009)(quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-248 (1986)). A fact is "material" if proof of its existence or non-existence might affect the outcome of the litigation, and a dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248.

In undertaking this analysis, the court views the facts in the light most favorable to the non-moving party. "After making all reasonable inferences in the nonmoving party's favor, there is a genuine issue of material fact if a reasonable jury could find for the nonmoving party." Pignataro v. Port Auth. of N.Y. and N.J., 593 F.3d 265, 268 (3d Cir. 2010) (citing Reliance Ins. Co. v. Moessner, 121 F.3d 895, 900 (3d Cir. 1997)). While the moving party bears the initial burden of showing the absence of a genuine issue of material fact, meeting this obligation shifts the burden to the non-moving party who must "set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 250.

Although defendants have moved in the alternative for summary judgment based on plaintiff's alleged failure to exhaust administrative remedies under the Prison Litigation Reform

Act of 1995, 42 U.S.C. § 1997e, the Court, construing the record in the light most favorable to plaintiff, concludes that plaintiff has exhausted his administrative remedies and may proceed with the merit of his claims. (See ECF 43, pp.15-34.)

Plaintiff first claims he was denied access to attend religious services at NCJ on four occasions. "Inmates clearly retain protections afforded by the First Amendment, including its directive that no law shall prohibit the free exercise of religion." O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987).(citation omitted). However, an inmate only "retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." Pell v. Procunier, 417 U.S. 817, 822 (1974).

Here, plaintiff does not point to any NCJ regulation that prevented him from exercising his religious freedom. Indeed, in an unrefuted affidavit, the Chaplain of the Northampton County Department of Corrections, Christopher Santos, averred, inter alia, that he "became acquainted with [plaintiff] by virtue of [plaintiff's] frequent attendance at religious services …during his confinement at the NCJ." (ECF 41-1, ¶ 7.) According to Santos' attendance records, plaintiff attended religious services and Bible study on 61 different occasions for two different religions: Islam and Christianity. (Id., ¶ 16.)  Santos' attendance records also reveal that plaintiff attended thirteen of the different religious programs offered by the NCJ. (Id, ¶ 17.) In addition, plaintiff testified at his deposition that he attended religious services of different denominations approximately six days per week during the entirety of his incarceration. (Davis Dep. at 37, 38.) Given the unrefuted evidence that plaintiff repeatedly attended religious services of different denominations during the brief time he was incarcerated at NCJ, plaintiff's claim that he was denied access to religious services on four occasions hardly rises to a constitutional violation.

Plaintiff next claims he was denied access to the NCJ law library on two occasions because the law librarian was on vacation.

A prisoner has a constitutional right to access the federal courts, and denial of access to the prison law library may violate due process insofar as it impedes meaningful access to the courts. Lewis v. Casey, 518 U.S. 343, 350-51 (1996); *cf.* Jones v. Brown, 461 F.3d 353, 359 (3d Cir.2006) (acknowledging *Casey's* actual injury requirement for claims of denial of access to prison law libraries or legal services). Access to the prison law library is not a "freestanding" right, however, and a prisoner challenging the denial of access must allege some actual injury to have standing to assert a claim on this basis. Id.

Plaintiff testified that the two times he was denied access to the law library did not prevent him from filing any documents with a court or prevent him from missing any court deadlines. (Davis Dep. at 83.) Indeed, plaintiff could not identify *any* injury that he suffered as the result of any denial of access. (Id.) Plaintiff testified that he was permitted access to the law library once per week provided he signed up in advance. (Id. at 84.)  As a result, judgment will be entered in favor of defendants on plaintiff's claim of denial of access to the NCJ law library.

Plaintiff' has also asserted a claim against defendant Jane Doe for allegedly detaining plaintiff for an extra 16 hours. The record reflects that a Northampton County Common Pleas Court Judge signed an order on March 7, 2013 granting plaintiff's request for parole effective March 7, 2013. (ECF 19, Ex. B.) The order also contained certain conditions such as payment of a supervision fee and restitution. (Id.) Plaintiff claims, however, that he was not released until March 8, 2013 in violation of the Fifth and Eighth Amendments. This claim is time-barred.

Federal civil rights statutes do not contain a specific statute of limitations for § 1983 actions. The length of the statute of limitations for a § 1983 claim is governed by the personal

injury tort law of the state where the cause of action arose. Kach v. Hose, 589 F.3d 626, 634 (3d Cir. 2009). The statute of limitations for a § 1983 claim arising in Pennsylvania is two years. Id.; 42 Pa. Cons. Stat. § 5524(2). In Pennsylvania, imprisonment does not extend the time within which an action must be commenced. 42 Pa. Cons. Stat. § 5533(a).

Federal law governs a cause of action's accrual date.  Accrual is the occurrence of damages caused by a wrongful act-that is, when a plaintiff has a complete and present cause of action and can file suit to obtain relief. Dique v. New Jersey State Police, 603 F.3d 181, 185 (3d Cir. 2010). Under federal law, a cause of action accrues, and the statute of limitations begins to run, when the plaintiff knew or should have known of the injury upon which its action is based. Kach, 589 F.3d at 634. This determination is an objective inquiry as to what a reasonable person should have known. Id.

Here, a reasonable person would have known that his alleged cause of action against Jane Doe accrued on March 8, 2013, the date he was released from NCJ. Since plaintiff did not file a claim against Jane Doe in his amended complaint until August 24, 2015, the claim is barred by Pennsylvania's two year statute of limitations.

For the foregoing reasons, defendants' motion for summary judgment is granted and judgment will be entered in favor of the defendants and against the plaintiff on all of plaintiff's claims.