**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MARC DAVIS** | **:** | **CIVIL ACTION** |
| | **:** | |
| **v.** | **:** | **NO.  14-cv-6242** |
| | **:** | |
| **NORTHAMPTON COUNTY** | **:** | |
| **DEPARTMENT OF CORRECTIONS, et al. :** | | |

### MEMORANDUM OPINION

**SCHMEHL, J.    /s/ JLS**                                            **NOVEMBER 22, 2016**

By Memorandum Opinion and Order filed on July 8, 2016, the Court entered judgment

in favor of the defendants and against the pro se plaintiff, a former inmate at the Northampton

County Jail. (ECF 48, 49.) The docket reflects that both the Memorandum Opinion and Order

were sent to plaintiff's address of record (Id.) On September 1, 2016, plaintiff filed a Motion for

Extension of Time to File a Notice of Appeal pursuant to Rule 4(a)(5)(A) of the Federal Rules

of Appellate Procedure.  (ECF 50.) On that same date, plaintiff also filed a formal Notice of

Appeal with the Court of Appeals for the Third Circuit.  (ECF 51.) On October 11, 2016,

plaintiff filed a second Notice of Appeal to the Third Circuit. Defendants have filed an

opposition to the plainitff's motion for an extension of time. (Doc. 53.) and plaintiff has filed a

reply. (Doc. 55.) For the reasons that follow, the motion is denied.

As both the United States Supreme Court and the Court of Appeals for the Third

Circuit have recognized, the timely filing of a notice of appeal is "mandatory and

jurisdictional." Hohn v. United States, 524 U.S. 236, 247 (1998); Benn v. First Judicial

Dist. of Pa., 426 F.3d 233, 237 (3d Cir. 2005); see also Fed. R. App. P. 3(a)(l). Under the

**1**

Federal Rules of Appellate Procedure, a notice of appeal in a civil case must be filed with the district clerk within thirty (30) days after entry of the judgment or order appealed from. See Fed. R. App. P. 4(a)(l )(A).

Despite the general rule that a notice of appeal must be filed within thirty (30) days, district courts do "have limited authority to grant an extension of the 30-day time period." Bowles v. Russell, 551 U.S. 205, 214 (2007); see also Ragguette v. Premier Wines & Spirits, 691 F.3d 315, 323 (3d Cir. 2012). However, a "district court may extend the time to file a notice of appeal only if: (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause." See Fed. R. App. P. 4(a)(5)(A) (emphasis added).

While plaintiff has satisfied the first requirement of Appellate Rule 4(a)(5)(A), since he filed the present Motion for Extension a few days before the thirty (30) day grace period expired, plaintiff fails to show either good cause or excusable neglect for his untimely appeal and extension of time request.

The "good cause" standard applies where the motion for extension is "occasioned by something that is not within the control of the movant . . . . If, for example, the Postal Service fails to deliver a notice of appeal . . . ."Fed. R. App. P. 4(a)(5)(A)(ii), Advisory Committee Notes to 2002 Amendments.

Here, the motion for an extension is occasioned by events solely within the control of the plaintiff. Plaintiff has not set forth any circumstances or set of

**2**

circumstances that he claims prevented him from timely filing the notice of appeal.

More specifically, nothing in plaintiff s papers suggests that he did not receive notice of

this Court's Memorandum Decision and Order of July 8, 2016, both of which were

mailed to his address of record and both of which appeared on the ECF system. There

cannot be good cause, as the failure to file a timely notice of appeal was caused by

plaintiff.

'The excusable neglect standard applies in situations in which there is fault; in such

situations, the need for an extension is usually occasioned by something within the control of

the movant." Fed. R. App. P. 4(a)(5)(A)(ii), Advisory Committee Notes to 2002

Amendments.

In order to determine whether plaintiff's neglect is 'excusable,' this Court must

weigh four (4) factors: (1) the danger of prejudice to the non-movant, (2) the length of the

delay and its potential impact on judicial proceedings, (3) the reason for the delay,

including whether it was within the reasonable control of the movant, and (4) whether the

movant acted in good faith. Kanoff v. Better Life Renting Corp., 350 F. App'x 655, 657 (3d

Cir. 2009) (citing Pioneer Investment Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507

U.S. 380, 388 (1993)).

While the law is clear that "no one factor is dispositive," it is equally clear that

"`inadvertence, ignorance of the rules, or mistakes construing the rules do not usually

constitute excusable neglect.'" Id. (quoting Pioneer, 507 U.S. at 392). The standard for

determining excusable neglect is a strict one and excusable neglect applies only to

**3**

extraordinary cases where injustice would otherwise result. Consol. Freightways Corp. v. Larson, 827 F.2d 916, 918 (3d Cir. 1987) (citing Advisory Committee Notes to 1966 amendment to Fed. R. Civ. P. 73, the predecessor of Fed. R. App. P. 4(a)).

　　All four (4) factors weigh in favor of denying plaintiff's Motion.

1.  Danger of Prejudice **to** Defendants

First, defendants would endure prejudice if the Court grants plaintiff's application and allows him to pursue his appeal. Following the litigation of this case, the entry of judgment in defendants' favor on July 8, 2016, and the expiration of the appeal deadline thirty days later, defendants reasonably believed and expected that this matter had reached a final resolution. It was not until the filing of the present Motion on September 1, 2016 that defendants first learned of plaintiff's belated intent to appeal.

Moreover, defendants were then forced to expend additional time and resources on continuing to litigate this matter by filing an opposition to the current motion in order to preserve the finality of the judgment defendants believed they had obtained. See Lima v. Aetna Life Ins. Co., 2013 U.S. Dist. LEXIS 181808, at *5 (D.N.J. Sept. 22, 2014) (finding that the defendants' effort to oppose a motion for extension of time to file a notice of appeal reflected that a discernable amount of prejudice did in fact inure to the defendants from the delay by the plaintiff in filing a timely appeal).

　　Accordingly, Defendants will be sufficiently prejudiced by the granting of this Motion such that the first factor weighs against plaintiff.

2.  Length of Delay

**4**

The second factor requires the Court to consider the length of the delay and its impact on judicial proceedings. Plaintiff had a total of sixty (60) days from the date the Order and Memorandum Decision was filed to file the instant motion for an extension. See Fed. R. App. P. 4(a)(5)(C). Plaintiff waited until approximately 56 days from the date judgment was entered and 26 days from the date the Notice of Appeal was due, before filing the instant motion. At no time did plaintiff ever communicate his intent to appeal with defendants or their counsel. As a result, the second factor weighs against plaintiff.

3. Reasons for Delay

The only reasons plaintiff gives to support his request for an extension of time are that he is "a layman not versed in the law and is a novice" and because he "does not have access to a legal data base nor [sic] [r]egular access to the Internet." (ECF 50). Plaintiff also believes that "no one will be prejudiced" if the court were to grant his application. (Id.)

To the extent plaintiff claims that his delay was caused by his *pro se* status, a review of the docket reflects otherwise. The *pro se* plaintiff submitted approximately half of the fifty-one (57) pleadings that have been filed in this matter to date including, but not necessarily limited to, his Complaint (ECF 5), Motion for Leave to File a First Amended Complaint (ECF 17), Amended Complaint (ECF 23), Motion for Extension of Time to Serve Process pursuant to Rule 4(m) Rule 6(b)(l) of the Fed. R. Civ. P. (ECF 35), Motion to Compel Discovery (ECF 36), Motion for Summary Judgment (ECF 39), Response in Opposition to Defendants' Motion for Summary Judgment (ECF 43) and the instant motion (ECF 50). The

sophistication of these pleadings and plaintiff's ability to cite and apply the relevant case and statutory law belie his contention that he is merely a "layman" or "novice," not "versed in the law." As such, plaintiff's *pro se* status should not qualify as a valid reason for his delay.

Equally flawed is Plaintiff's reliance on limited access to legal databases and/or the internet as the basis for his delay. Although the events giving rise to this case allegedly transpired during plaintiff's incarceration at the NCJ, he is not and has not been incarcerated for the entirety of this litigation. See Compl. (Doc. No. 5) (identifying Plaintiff's mailing address as 1900 N. Congress Ave., H-109, West Palm Beach, FL). Countless organizations throughout this Country, including public libraries and many state courts, offer free internet and legal database access. Because he is not and was not incarcerated at any material time hereto, plaintiff had thirty (30) days in which he could have accessed the internet and/or legal databases, yet failed to do so.

4. Absence of Good Faith

Finally, plaintiff's inaction demonstrates an absence of good faith. Plaintiff failed to make any tangible effort to attempt to meet the notice of appeal deadline. Plaintiff also failed to communicate any desire to appeal, in any form. As such, plaintiff has failed to demonstrate a good faith effort to comply with the Rules of this Court. See Avery v. Hendricks, 2006 U.S. Dist. LEXIS 32757 (D.N.J. May 23, 2006) (holding that the petitioner failed to demonstrate a good faith effort to comply with the rules of the court because he failed to communicate a desire to appeal with the court or his adversary).

Because each of the four (4) factors for finding excusable neglect weighs against plaintiff and because plaintiff has also failed to show good cause, plaintiff s Motion for Extension of Time to File a Notice of Appeal is denied.